# EXHIBIT 5

## International Centre for Settlement of Investment Disputes
1818 H Street, N.W., Washington, D.C. 20433, U.S.A.
Telephone: (202) 458-1534   Faxes: (202) 522-2615/2027
Website: www.worldbank.org/icsid

September 9, 2008

By e-mail

E.T.I. Euro Telecom International N.V.
c/o Messrs. Robert L. Sills and
Steven J. Fink
Orrick, Herrington & Sutcliffe LLP
666 Fifth Avenue
New York, NY 10103

Republic of Bolivia
c/o H.E. Héctor E. Arce Zaconeta
Ministro Sin Cartera Responsable de la Defensa
Legal de las Recuperaciones Estatales
Av. Mariscal Santa Cruz, Edif. HANSA piso 4
La Paz, Bolivia

c/o Mr. Paul Reichler
Foley Hoag LLP
1875 K Street N.W., Suite 800
Washington, D.C. 20006-1238

Ref:   **E.T.I. Euro Telecom International N.V. v. Republic of Bolivia**
       **(ICSID Case No. ARB/07/28)**

Dear Sirs,

I acknowledge our receipt of letters of August 1 and 29, 2008 and September 5, 2008 sent by E.T.I. Euro Telecom International N.V. (ETI). Copies of these letters are herewith transmitted to the representatives of the Republic of Bolivia.

I also acknowledge our receipt of letters of August 25, 2008 and September 3, 2008 sent by the Republic of Bolivia. Copies of these letters are herewith transmitted to the representatives of ETI.

In view of the Republic of Bolivia's participation in the proceeding and its choice of counsel, we invite the Republic to appoint an arbitrator and also either to concur in the appointment of Mr. Lalonde, proposed by ETI to be the President of the Tribunal, or to name another person for this role. Considering ETI's request of July 21, 2008 that the Chairman of the ICSID Administrative Council appoint the missing arbitrators, we invite the Republic of Bolivia to provide its answers by September 23, 2008.

With respect to the Republic of Bolivia's statements regarding Professor Francisco Orrego Vicuña, who has been appointed by ETI as arbitrator, please note that under Article 57 of the ICSID Convention and Rule 9 of the ICSID Arbitration Rules, a proposal for the disqualification of an arbitrator can be made to the Tribunal once constituted. Such a proposal is to be decided upon by the other two arbitrators.

-2-                                                                          September 9, 2008

      Finally, I take this opportunity to confirm to both parties that all communications exchanged between the parties and the Centre in relation to this case will be transmitted in due course to the Tribunal following its constitution.

Sincerely yours,

Nassib G. Ziadé
Acting Secretary-General



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NY 10103-0001

tel 212-506-5000
fax 212-506-5151
WWW.ORRICK.COM

August 1, 2008

Robert L. Sills
(212) 506-5110
rsills@orrick.com

***BY E-MAIL AND FEDERAL EXPRESS***

Nassib G. Ziadé, Esq.
Secretary-General
International Centre for Settlement of Investment Disputes
1818 H Street, N.W.
Washington, DC 20433

    E.T.I. Euro Telecom International N.V. v. Republic of Bolivia,
    ICSID Case No. ARB/07/28

Dear Secretary-General Ziadé:

I write with reference to your letter dated July 25, 2008 (the "July 25 Letter").

In the July 25 Letter, you advised the parties that the Chairman of the Administrative Council of ICSID will use his best efforts to comply with Claimant's request that he appoint the two remaining arbitrators in the above-titled arbitration (the "Arbitration"), and designate one of those arbitrators serve as President of the Tribunal, within 30 days after receipt of Claimant's request of July 21, 2008. We thank ICSID for its prompt response to that request, and as set forth below, we respectfully request that the Tribunal be constituted as promptly as possible within that 30 day period.

Since the registration of this case, Bolivia has failed to meet any of its obligations under the ICSID rules, thus delaying the process of constitution of the arbitral Tribunal. Moreover, as most recently reflected in the comments of Bolivia's Minister of Legal Defense for Nationalizations, Sr. Hector Arcé, described in the Reuters article annexed to my letter of July 21, 2008, Bolivia refuses to participate in the Arbitration, and asserts that "it does not allow [ICSID] to rule over disputes related to investments." However, Bolivia has failed to meet even its purported domestic processes for fixing compensation. In this respect, the "Supreme Decree" of May 1, 2008, by which Bolivia stated that it was expropriating ETI's interest in Entel, stated that the expropriated stake in Entel would be valued within sixty days, or by July 1, 2008. That date has come and gone, with no indication by Bolivia that it intends to pay anything. That failure is consistent with many public statements by senior Bolivian officials that Bolivia intends to pay nothing for ETI's stake in Entel.


ORRICK

Nassib G. Ziadé, Esq.
August 1, 2008
Page 2

It is evident that Bolivia is acting in a completely lawless manner, in an effort to deprive ETI of its rights under international law and the Bolivia-Netherlands BIT. In that regard, ETI is concerned that Bolivia will make efforts to frustrate the enforceability of the award, and ETI accordingly, may have no choice but to seek interim relief from the Tribunal in the near future. Because, under Arbitration Rule 39(5), such relief cannot be granted until a Tribunal is constituted, we respectfully request that the Tribunal be empanelled as soon as possible.

Please advise us if there is anything that ETI can do to facilitate the process of constituting the Tribunal. We are, of course, available at the convenience of the Chairman of the Administrative Council of ICSID to consult with the Chairman concerning this process as contemplated by Arbitration Rule 4(4).

Very truly yours,

Robert L. Sills

cc: Eloise M. Obadia, Esq.

   H.E. Evo Morales Ayma
   Presidente Constitucional de la República

   H.E. David Choquehuanca Céspedes
   Ministero de Relaciones Exteriores y Culto

   H.E. Ambassador Mario Gustavo Guzmán Saldaña
   Embassy of the Republic of Bolivia



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
666 FIFTH AVENUE
NEW YORK, NEW YORK 10103-0001

tel +1-212-506-5000
fax +1-212-506-5151
WWW.ORRICK.COM

August 29, 2008

Robert L. Sills
(212) 506-5110
rsills@orrick.com

***BY E-MAIL AND FEDERAL EXPRESS***

Nassib G. Ziadé, Esq.
Secretary-General
International Centre for Settlement of Investment Disputes
1818 H Street, N.W.
Washington, DC 20433

    E.T.I. Euro Telecom International N.V. v. Republic of Bolivia,
    ICSID Case No. ARB/07/28

Dear Secretary-General Ziadé:

  I write with respect to your letter dated August 15, 2008, by which you transmitted to us various correspondence, including a letter dated August 30, 2008 from Sr. Héctor E. Arce Zaconeta, the Bolivian Minister for the Defense of Nationalizations, to Mr. Robert B. Zoellick, in his capacities as President of the World Bank and as Chairman of the Administrative Council of ICSID. Minister Arce's letter is both procedurally and substantively baseless, and unfortunately represents yet another effort by Bolivia to delay the above-entitled ICSID arbitration. As set forth below, there is no conceivable basis to disqualify Professor Francisco Orrego Vicuña from serving as a member of the Tribunal; accordingly, we respectfully request that ICSID reject Bolivia's "protest" to Professor Vicuña's service as an arbitrator, and promptly proceed to constitute the Tribunal.

  As an initial matter, we note that Minister Arce's letter, like many of Bolivia's communications in connection with the arbitration, was sent ex parte, without any notice to our client, claimant E.T.I. Euro Telecom International N.V. ("ETI"). Moreover, Minister Arce inappropriately directed his letter to Mr. Zoellick, rather than to you. Rule 9 of the ICSID Arbitration Rules clearly provides that a party proposing the disqualification of an arbitrator is to file its proposal with the Secretary-General, and that the Secretary-General is then to transmit the letter to the Chairman of the Administrative Council only if the proposal relates to disqualification of either a sole arbitrator or a majority of the members of the Tribunal, neither of which is the case here.[1] Rather, it appears that Bolivia is attempting to politicize an adjudicatory process and, by improperly addressing the World Bank, to further disrupt the arbitral proceeding legitimately brought by ETI before ICSID.

---

[1] For this reason, we have not directed or copied this letter to Mr. Zoellick, but leave it to your discretion whether it is appropriate to forward a copy to him given that Bolivia communicated with him directly.



**ORRICK**

Nassib G. Ziadé, Esq.
August 29, 2008
Page 2

      These irregularities alone provide ample basis to disregard Bolivia's correspondence. ICSID should not countenance Bolivia's improper effort to disrupt the arbitration by delaying the constitution of the Arbitral Tribunal, even while Bolivia seeks to complete the expropriation of ETI's investment in Entel and ensure that no assets will be available to ETI against which to enforce an award should it prevail. Indeed, Bolivia's actions have only exacerbated ETI's injury. While Minister Arce's letter at no point indicates any willingness by Bolivia to participate in the arbitration, if Bolivia does finally honor its treaty obligations and participate in this arbitration, it should submit any proposal that Professor Vicuña be disqualified in the manner directed by ICSID Arbitration Rule 9, once the Tribunal has been constituted.

      In any event, Bolivia's "protest" of Professor Vicuña's appointment as a member of the Tribunal is baseless. Professor Vicuña, who has served as a Professor of International Law at the University of Chile from 1970 to the present, is one of the most highly regarded members of the international arbitration community. He has written and lectured extensively in the area of international law and received numerous academic awards in this field, as reflected in his curriculum vitae, a copy of which is on file with ICSID. Professor Vicuña has also served as a member of, and presided over, numerous tribunals in ICSID and other arbitrations, including a number of highly sensitive matters involving Latin American states. Indeed, he has been appointed to serve as president of an ICSID tribunal at least 12 times.

      Under the applicable ICSID procedures, a proposal for disqualification must be based on either: (1) "any fact indicating a manifest lack of the qualities required by paragraph (1) of Article 14"; or (2) ineligibility for appointment under Section 2 of Chapter IV. Bolivia's "protest" appears to be based on Article 14(1) of the Convention, which provides:

> Persons designated to serve on the Panels shall be persons of high moral character and recognized competence in the fields of law, commerce, industry or finance, who may be relied upon to exercise independent judgment. Competence in the field of law shall be of particular importance in the case of persons on the Panel of Arbitrators.

Bolivia does not appear to dispute that Professor Vicuña is a person of high moral character with recognized competence in the field of law, nor would it have any conceivable basis to do so. Instead, it appears to base its "protest" on its claimed, subjective belief that Professor Vicuña is not a person "who may be relied upon to exercise independent judgment." It has utterly failed, however, to come forward with any objective evidence – rather than a subjective concern – to demonstrate a manifest lack of independence, as is required under the Convention. See, e.g., Suez, Sociedad General de Aguas de Barcelona S.A. v. Argentine Republic, ICSID Case No. ARB/03/17, Decision on the Proposal for the Disqualification of a Member of the Arbitral


**ORRICK**

Nassib G. Ziadé, Esq.
August 29, 2008
Page 3

Tribunal, dated October 22, 2007, at 15 ("[I]t must be recalled that Article 57 of the ICSID Convention requires a 'manifest lack of the qualities required' of an arbitrator. The term 'manifest' means 'obvious' or 'evident.'"); see also id. at 18. The same principle has been followed in other ICSID proceedings in which disqualification of an arbitrator is sought on grounds of interest or bias. See, e.g., SGS Société Générale de Surveillance S.A. v. Islamic Republic of Pakistan, ICSID Case No. ARB 01/13, Decision on Claimant's Proposal to Disqualify Arbitrator (Dec. 19, 2002). None of Bolivia's objections to Professor Vicuña meets this standard.

First, Bolivia contends that Professor Vicuña has "intimate links and identification with the World Bank," citing the fact that he has held several positions with the World Bank's Administrative Tribunal, including service as President from 2001-2004, Senior Vice President from 1998-2001 and Vice President from 1996-1998. Far from providing grounds to disqualify Professor Vicuña (or, for that matter, others who have devoted their time to ICSID's work), that service is evidence of his dedication to the peaceful settlement of investment disputes and of the high regard in which he is held by the international legal community. It certainly does not constitute objective evidence that Professor Vicuña would lack independence or impartiality, or would otherwise have a predisposition to favor one party's position over the other. I note that, during his service with the Administrative Tribunal, he served, as President or arbitrator, on at least 11 tribunals, without any reported objection.

Second, the same analysis applies to Bolivia's claim that a "conflict" arises from the fact that Professor Orrego Vicuña has been selected, together with other distinguished international arbitrators, to serve as a member of the search committee designated to search for candidates to serve as the next Secretary-General of ICSID. The notion that Professor Vicuña would somehow exploit his membership on that committee in order to influence the appointment of the other members of the Tribunal in this arbitration is preposterous and offensive, and totally unsupported by any evidence. Moreover, any arbitrators not nominated by the parties will be selected by the Chairman of the Administrative Council, and not the Secretary-General.

Third, Professor Vicuña's academic views, expressed in an article published in 1977, concerning diplomatic negotiations aimed at resolving a territorial dispute between Bolivia and Chile that dates to the nineteenth century hardly constitutes evidence of partiality in this dispute between ETI, a national of the Netherlands, and Bolivia. Rather, the fact that Bolivia would cite as evidence of bias that, in a scholarly article written 30 years ago concerning a dispute not even remotely related to the present one, Professor Orrego Vicuña did not endorse its century-old irredentist claims to a coastal province, is powerful evidence that its "protest" lacks any substance, and is nothing more than its latest effort to delay these proceedings.


**ORRICK**

Nassib G. Ziadé, Esq.
August 29, 2008
Page 4

As Professor Vicuña expressly affirmed in the June 27, 2008 Declaration that he submitted when he accepted his appointment as an arbitrator in this matter, "[t]o the best of my knowledge there is no reason why I should not serve on the Arbitral Tribunal. . . . I shall judge fairly as between the parties, according to applicable law. . . ". In his long and distinguished career as an arbitrator, he has never failed to meet that test. Bolivia has failed to come forward with any objective evidence to the contrary, because none exists. It certainly has failed to show a manifest lack of independence, as would be required to justify disqualification under the ICSID Convention and the ICSID Arbitration Rules. Bolivia's protest should be rejected accordingly.

Finally, we note that your letter of July 25, 2008 advised the parties that the Chairman of the Administrative Council of ICSID would use his best efforts to comply within 30 days after receipt with ETI's request that the Chairman appoint the arbitrators not yet appointed and designate an arbitrator to be the President of the Tribunal, pursuant to Article 38 of the ICSID Convention and Rule 4(4) of the ICSID Arbitration Rules, and that ICSID would shortly commence consultations with the parties in this regard. It is now apparent that Bolivia, which is in default of all of its obligations under the ICSID Arbitration Rules, has no intention of participating in the appointment of arbitrators or in the arbitral process, and that its only goal is to delay and disrupt the arbitration. Accordingly, ETI respectfully requests that the remaining arbitrators be appointed, and that a President of the Tribunal be selected, as soon as possible. We remain available to consult with ICSID on these issues at your convenience.

Very truly yours,

Robert L. Sills

cc: Eloise M. Obadia, Esq.

H.E. Evo Morales Ayma
Presidente Constitucional de la República

H.E. David Choquehuanca Céspedes
Ministero de Relaciones Exteriores y Culto

H.E. Ambassador Mario Gustavo Guzmán Saldaña
Embassy of the Republic of Bolivia



# ORRICK

September 5, 2008

Robert L. Sills
(212) 506-5110
rsills@orrick.com

***BY E-MAIL AND FEDERAL EXPRESS***

Nassib G. Ziadé, Esq.
Secretary-General
International Centre for Settlement of Investment Disputes
1818 H Street, N.W.
Washington, DC 20433

      E.T.I. Euro Telecom International N.V. v. Republic of Bolivia,
      <u>ICSID Case No. ARB/07/28</u>

Dear Secretary-General Ziadé:

      Thank you for your e-mail dated August 29, 2008 enclosing the recent correspondence between Bolivia, on the one hand, and the World Bank and ICSID, on the other.

      During our telephone conversation last Friday, you told me that it is likely that Bolivia now intends to participate in the above-titled ICSID arbitration, and that ICSID anticipates that Bolivia would, in that case, select an arbitrator and express its view as to the appropriate person to serve as President of the Tribunal some time during September. That would be, of course, a welcome development. We note, however, that in the correspondence attached to your August 29 email, Bolivia once again challenges the legality of the ICSID proceeding, and nowhere indicates a willingness to proceed with the arbitration. This is a matter of serious concern for ETI. Given Bolivia's repeated refusal over the course of many months to comply with its obligations under the ICSID Convention and Rules, coupled with its insistence that it owes nothing for ETI's expropriated asset, each passing day without a Tribunal being constituted causes further injury to Entel.

      In light of the above, we respectfully request that ICSID impose on Bolivia a firm deadline of September 15 by which Bolivia must name the arbitrator appointed by it and provide its views on the arbitrator to serve as President of the Tribunal. Bolivia has now had many months to select an arbitrator, and if it truly intends in good faith to participate in the arbitration, that deadline should not create a burden for Bolivia. We would further request that, in the meantime, the Chairman of the Administrative Council of ICSID continue the process of identifying qualified individuals to serve as arbitrators, so that ICSID will be in a position to


ORRICK

Nassib G. Ziadé, Esq.
September 5, 2008
Page 2

promptly constitute the Tribunal if Bolivia again defaults by failing to meet the deadline imposed by ICSID.

          Respectfully,

          *Robert L. Sills*

          Robert L. Sills

cc:    Eloise M. Obadia, Esq. (By email)

      H.E. Evo Morales Ayma (By FedEx)
      Presidente Constitucional de la República

      H.E. David Choquehuanca Céspedes (By FedEx)
      Ministero de Relaciones Exteriores y Culto

      H.E. Ambassador Mario Gustavo Guzmán Saldaña (By FedEx)
      Embassy of the Republic of Bolivia



**BOLIVIA**

MINISTERIO SIN CARTERA
RESPONSABLE DE LA DEFENSA LEGAL DE LAS RECUPERACIONES ESTATALES

*La Paz, 25 de agosto de 2008*
*MSC - DLRE - DM N° 107/2008*

*Despacho del Sr. Ministro*

Al señor
Nassib G. Ziadé, Esq.
**SECRETARIO GENERAL**
**CENTRO INTERNACIONAL DE RESOLUCION**
**DE CONTROVERSIAS RELATIVAS A INVERSIONES - CIADI**
1818 h Street, NW
Washington, DC 20433

REF.: **ARBITRAJE EURO TELECOM INTERNATIONAL N.V. C. LA REPÚBLICA DE BOLIVIA CASO CIADI N° ARB/07/28**

Estimado Secretario General:

Me dirijo a su distinguida persona, a objeto de remitirle una copia de la nota enviada por este Despacho al señor Robert B. Zoellick, Presidente Ejecutivo del Banco Mundial, de fecha 25 de agosto del año en curso.

Sin otro particular, hago propicia la ocasión para reiterar las seguridades de mi distinguida consideración.

*MSc. Héctor E. Arce Zaconeta*
Ministro Responsable de la Defensa
Legal de las Recuperaciones Estatales

*Adj.*   *Lo citado*
*c.c.*   *Archivo*
         *Correl*
HAZ/mv.



BOLIVIA

MINISTERIO SIN CARTERA
RESPONSABLE DE LA DEFENSA LEGAL DE LAS RECUPERACIONES ESTATALES

*La Paz, 25 de agosto de 2008*
**MSC - DLRE - DM N° 103/2008**

*Despacho del Sr. Ministro*

Al Señor
Robert D. Zoellick
Presidente Ejecutivo
Banco Mundial
1818 H Street, N.W.
MSN U3-301
Washington, D.C. 20433 - U.S.A.

Señor Presidente Ejecutivo:

Le escribo para dar seguimiento a las notas que fueron remitidas a su persona, a nombre de la República de Bolivia, el 23 y el 30 de julio del año en curso, mismas que a la fecha no han recibido respuesta de parte suya. Al efecto y toda vez que Bolivia tiene derecho de esperar una mayor atención a las comunicaciones dirigidas al Presidente Ejecutivo del Banco Mundial, como Estado soberano y miembro del citado Banco, el Estado boliviano encuentra plenamente justificado el expresar su extrañeza por la falta de respuesta a sus dos notas.

Como es de su conocimiento, en la nota del 23 de julio, se solicitó a usted, muy respetuosamente, se otorgue audiencia, a la que se asistiría en compañía de la Gobernadora por Bolivia ante el Banco Mundial, la Sra. Ministra de Planificación del Desarrollo; asimismo como se explicó en la citada nota, en el marco de las buenas relaciones con el Banco Mundial y con un espíritu de coordinación y cooperación, el Estado boliviano busca del Banco una posición expresa sobre la situación generada por la manifiesta violación de los derechos soberanos de Bolivia cometidos por la Secretaría General del Centro Internacional de Arreglo de Diferencias Relativas a Inversiones - CIADI, al registrarse la Solicitud de arbitraje de Euro Telecom Internacional N.V. - E.T.I., cinco meses después de la denuncia del Convenio del CIADI por parte de Bolivia.

Cabe señalar, que una denuncia del Convenio es una manifestación soberana de un Estado de dejar de someterse a la jurisdicción arbitral del Centro, razón por la cual se considera a las mismas un retiro del consentimiento de someter sus diferencias ante el CIADI. En este sentido, Bolivia ejerció su derecho soberano de denunciar el Convenio y retirar su consentimiento para someter disputas ante el CIADI el 2 de mayo de 2007; la empresa E.T.I. presentó su solicitud de arbitraje el 12 de octubre de 2007, siendo ésta la primera expresión escrita y manifiesta de la voluntad de la empresa de someter la disputa ante el CIADI,



BOLIVIA

MINISTERIO SIN CARTERA
RESPONSABLE DE LA DEFENSA LEGAL DE LAS RECUPERACIONES ESTATALES

*Despacho del Sr. Ministro*

cuando para dicha fecha Bolivia ya había retirado su consentimiento para someterse a la jurisdicción del CIADI.

Conforme se establece en los Artículos 25(1), 36(2) y 72 del Convenio del CIADI; y para que el CIADI tenga jurisdicción, el consentimiento de ambas partes debe ser dado a la fecha de la solicitud y registro del arbitraje; de los Artículos mencionados se entiende que el consentimiento debe existir al momento de presentar su solicitud al CIADI, en este sentido: (1) E.T.I. debió haber perfeccionado su consentimiento antes de la denuncia de Bolivia al Convenio y su retiro del consentimiento para someterse a la jurisdicción del CIADI; (2) el Estado boliviano no puede ser obligado a someter una diferencia al arbitraje sin su consentimiento; y (3) la denuncia del Convenio es una manifestación soberana de no someterse a la jurisdicción del CIADI. Por lo tanto, la Secretaría General, al registrar la Solicitud de arbitraje presentada por la empresa E.T.I., ha violentado el derecho soberano del Estado boliviano de denunciar tratados internacionales conforme con sus términos, y específicamente de retirar su consentimiento para someterse a la jurisdicción del CIADI.

Ante la preocupante situación surgida por la solicitud pendiente de la empresa E.T.I. de que el Consejo Administrativo del CIADI, que usted preside en su capacidad de Presidente Ejecutivo del Banco Mundial, de que proceda inmediatamente a designar los árbitros y componer el tribunal arbitral, debemos hacer notar que de cometerse estos actos, nuevamente se incurrirá en graves violaciones de los derechos soberanos de Bolivia; siendo por lo señalado que el Estado boliviano le ha solicitado, mediante nota de 23 de julio una reunión con carácter de urgencia, mediante la presente reiteramos nuestra solicitud y seguimos esperando su respuesta.

También debemos hacer notar que seguimos esperando su respuesta a la nota remitida el 30 de julio del 2008, en la cual llamamos su atención respecto a las dudas razonables que existen sobre la falta de imparcialidad e independencia del árbitro propuesto por la empresa E.T.I. para ser miembro del tribunal de arbitraje. Es manifiesto que una decisión sobre la legalidad de los actos de la Secretaría General del CIADI, la interpretación de su autoridad bajo el Convenio del CIADI, y las consecuencias para el CIADI de una denuncia del Convenio por parte de un Estado soberano no debe confiarse en una persona tan íntimamente vinculada con el CIADI y el Banco Mundial, como es el Señor Francisco Orrego Vicuña.

El manifiesto conflicto de interés y las dudas razonables respecto a la imparcialidad e independencia del Señor Orrego Vicuña extensamente detallados en la nota citada, denotan que, por sus obvios conflictos de intereses, hacen manifiesto que cualquier laudo arbitral dictado por el señor Orrego Vicuña, en este caso, carecerían de credibilidad y legitimidad.

Av. Mariscal Santa Cruz - Edificio Hansa Piso 4 - Teléfono 591 (2) 2118454
E-mail:msc_dire@entelnet.bo                                              La Paz - Bolivia



BOLIVIA

MINISTERIO SIN CARTERA
RESPONSABLE DE LA DEFENSA LEGAL DE LAS RECUPERACIONES ESTATALES

*Despacho del Sr. Ministro*

Por todas estas razones, Bolivia protesta vehementemente la violación de sus derechos soberanos por parte del CIADI al realizar el registro de la Solicitud de Arbitraje, y sus otras actuaciones para proseguir con el arbitraje. Por otra parte, el CIADI, sin considerar que el registro del referido arbitraje es ilegal e ilegítimo, ni tomar en consideración las protestas legítimamente fundadas de Bolivia, continúa consintiendo que el procedimiento en contra de Bolivia siga prosperando.

Todas las razones que se han venido dando hasta la fecha hacen que existan mayores elementos de duda razonable sobre la imparcialidad del CIADI y otorgan más elementos que apoyan a las fundamentaciones respecto a la denuncia del Convenio realizada por la República de Bolivia el 2 de mayo de 2007.

La República de Bolivia, sin perjuicio de lo mencionado, en vista de que el procedimiento arbitral continua avanzando poniendo en peligro los intereses y la soberanía boliviana, pone bajo su conocimiento que el Consejo de Defensa Legal del Estado y el Consejo de Ministros han tomado la determinación de asumir defensa ante el CIADI bajo protesta y participar formalmente, sin reconocer su jurisdicción, en el procedimiento, con el fin de demostrar a través de los mismos mecanismos del CIADI la validez de los argumentos sostenidos por Bolivia, esperando que un Tribunal imparcial se pronuncie, haga conocer la manifiesta falta de jurisdicción del Centro y se apropie de los argumentos presentados.

Por lo expuesto, hacemos conocer que Bolivia participará formalmente en el proceso para establecer la falta de jurisdicción del CIADI, y del tribunal de arbitraje, reservándose expresamente el derecho de acudir a tribunales, foros y cortes internacionales pertinentes y a toda la comunidad internacional.

Seguro de contar con la atención necesaria a estos temas, le reitero las seguridades de mi mayor distinción.

MSc. *Héctor E. Arce Zaconeta*
Ministro Responsable de la Defensa
Legal de las Recuperaciones Estatales

c.c.    Archivo
        Correl
HAZ/OCA/LECHB/cmp



BOLIVIA

MINISTERIO SIN CARTERA
RESPONSABLE DE LA DEFENSA LEGAL DE LAS RECUPERACIONES ESTATALES

*La Paz, 3 de septiembre de 2008*
*MSC - DLRE - DM N° 117/2008*

*Despacho del Sr. Ministro*

*Al señor*
*Nassib G. Ziadé, Esq.*
*SECRETARIO GENERAL*
*CENTRO INTERNACIONAL DE RESOLUCION*
*DE CONTROVERSIAS RELATIVAS A INVERSIONES - CIADI*
*1818 h Street, NW*
*Washington, DC 20433*

Ref.: *Arbitraje Euro Telecom International N.V. c. la República de Bolivia Caso CIADI N° ARB/07/28*

*Señor Secretario General:*

*Mediante la presente tengo a bien poner en conocimiento suyo, el apersonamiento de la República de Bolivia, a través del Ministerio Sin Cartera Responsable de la Defensa Legal de las Recuperaciones Estatales, ante el Centro Internacional de Arreglo de Diferencias Relativas a Inversiones CIADI, en el caso signado como CIADI N° ARB 07/28, para lo cual adjunto copia del Pleno Poder otorgado por el Excelentísimo Señor Presidente Constitucional de la República de Bolivia Dn. Evo Morales Ayma.*

*Al efecto, hago conocer el nombramiento como representante legal y abogado de la República de Bolivia al Sr. Paul S. Reichler representante de la firma Foley Hoag LLP, solicitando se tenga presente ante el CIADI y ante el tribunal dicho nombramiento.*

*En este sentido solicitamos que todas las futuras actuaciones en el marco del arbitraje sean dirigidas tanto a la República de Bolivia como al Sr. Paul Reichler, a las siguientes direcciones:*

*República de Bolivia*
*Ministerio Sin Cartera Responsable de la Defensa Legal de las Recuperaciones Estatales*
*Av. Mariscal Santa Cruz, Edif. HANSA piso 4*
*Tel. (591) 2 - 2118454*
*Fax (591) 2 - 2118454*
*La Paz – Bolivia*

:MSC RES DEFLEG REC EST          N° DE TEL :22118455               03 SEP. 2008 16:29     P1



BOLIVIA

MINISTERIO SIN CARTERA
RESPONSABLE DE LA DEFENSA LEGAL DE LAS RECUPERACIONES ESTATALES

*Despacho del Sr. Ministro*

FOLEY HOAG LLP
Paul Reichler
1875 K Street NW Suite 800
Washington DC 20006-1238
Tel. 202-223-1200
Fax 202-785-6687

*Sin otro particular, hago propicia la ocasión para reiterar las seguridades de mi más distinguida consideración.*

MSc. Héctor E. Arce Zaconeta
Ministro Responsable de la Defensa
Legal de las Recuperaciones Estatales

c.c.    Archivo
        Correl
HAZ/ECHB/cmv.

Av. Mariscal Santa Cruz - Edificio Hansa, Piso 4 - Teléfono 591 (2) 2118454
E-mail:msc_dirr@entelnet.bo                                La Paz - Bolivia

:MSC RES DEFLEG REC EST          N° DE TEL :22118455          03 SEP. 2008 16:27   P1

### Evo Morales Ayma
**PRESIDENTE CONSTITUCIONAL DE LA REPUBLICA DE BOLIVIA**

He venido en conferir **PLENOS PODERES** en la más amplia forma que en derecho se requiere, en ejercicio de las atribuciones previstas en el Artículo 96.2 de la Constitución Política del Estado, al señor Ministro Dn. Héctor Enrique Arce Zaconeta, Ministro Sin Cartera Responsable de la Defensa Legal de las Recuperaciones Estatales, para que en nombre del Gobierno de la República de Bolivia, asuma la Defensa Técnico-Legal del Estado en controversias internacionales en materia de inversiones, de acuerdo a las atribuciones establecidas en el Decreto Presidencial N° 29589, de 5 de junio de 2008, en el arbitraje internacional iniciado por la Empresa E.T.I. Euro Telecom Internacional N.V., ante el Centro Internacional de Arreglo de Diferencias Relativas a Inversiones - CIADI, con sede en la ciudad de Washington D.C., Estados Unidos de América, registrado en fecha de octubre de 2007, bajo la denominación "E.T.I. Euro Telecom Internacional N.V. contra República de Bolivia (Caso CIADI No. ARB/07/28)".

En fe de lo cual expido los presentes **PLENOS PODERES**, impresos con el Gran Sello del Estado, refrendados por el señor Ministro de Relaciones Exteriores y Cultos, D. David Choquehuanca Céspedes.

Es dado en el Palacio de Gobierno de la ciudad de La Paz, el día veinticinco del mes de agosto de dos mil ocho años.

REFRENDADO POR:

Ministro de Relaciones Exteriores y Cultos